

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



JULIE SOLT,                          )
                                     )     Docket No.:
          Plaintiff,                 )
                                     )     04 cv 1278
                                     )
                                     )
MONROE COUNTY CORRECTIONAL           )
FACILITY; COUNTY OF MONROE; DANIEL   )
VIERA, in his Individual and Official Capacities; )
DANIEL SLASHINSKI, in his Individual and )
Official Capacities; and STEVEN FOSTER. In his )
Individual and Official Capacities   )
                                     )
          Defendants                 )

## COMPLAINT

1.     The Plaintiff, Julie Solt, is an adult individual currently residing at R.D. #3, Box
672, Apartment A, Kunkletown, Monroe County, PA  18018.  The Plaintiff's date of birth is
10/20/71.

2.     The Defendant Monroe County Correctional Facility, is an entity organized an
existing under the laws of the Commonwealth of Pennsylvania, and is a political subdivision,
with its principal facility located at  4250 Manor Drive, Stroudsburg,  Monroe County, PA
18360-9415. Said defendant at all times was acting through its agents, servants and/or
employees, including but not limited to, Daniel Viera, Daniel Slashinski, Sergeant Steven Foster,
etc. At all times pertinent hereto the Defendant, Monroe Correctional Facility, is believed to
have been a political arm of the County of Monroe, acting as its agent for all purposes.

1



3.      The Defendant County of Monroe, is an entity organized an existing under the

laws of the Commonwealth of Pennsylvania, and is a political subdivision, with its principal

offices located at Monroe County Administrative Building, One Quaker Plaza, Stroudsburg,

Monroe County, PA 18360.  Said defendant at all times was acting through its agents, servants

and/or employees, including but not limited to, Daniel Viera, Daniel Slashinski, Sergeant Steven

Foster,  Monroe County Correctional Facility, etc.

4.      The Defendant, Daniel Viera, in his Individual and Official Capacities, is an adult

individual, currently residing at HC 1, Box 303, Saylorsburg, Monroe County, PA 19353, and

whose business address is c/o Monroe County Correctional Facility, 4250 Manor Drive,

Stroudsburg, Monroe County, PA 18360-9415. At all times pertinent hereto, the said defendant

was an agent, servant, and/or employee of the defendant(s) Monroe County Correctional Facility

and/or the County of Monroe.

5.      The Defendant, Daniel Slashinski, in his Individual and Official Capacities, is an

adult individual, currently residing at 4 Katydid Lane, East Stroudsburg, Monroe County, PA

18301, and whose business address is c/o Monroe County Correctional Facility, 4250 Manor

Drive, Stroudsburg, Monroe County, PA 18360-9415.  At all times pertinent hereto, the said

defendant was an agent, servant, and/or employee of the defendant(s) Monroe County

Correctional Facility and/or the County of Monroe.

6.      The Defendant, Sergeant Steven Foster, in his Individual and Official Capacities,

is an adult individual, currently residing at an unknown address within Pennsylvania, but whose

business address is c/o Monroe County Correctional Facility, 4250 Manor Drive, Stroudsburg,

Monroe County, PA 18360-9415.  At all times pertinent hereto, the said defendant was an agent,

servant, and/or employee of the defendant(s) Monroe County Correctional Facility and/or the

County of Monroe.

7.      Plaintiff, Julie Solt, became employed as a Corrections Officer (CO) in or around 1997 for the County of Monroe at the Monroe County Correctional Facility located at 4250 Manor Drive, Stroudsburg, PA 18360-9415.

8.      In or around May, 2001, the Plaintiff began to be sexually harassed while on the job. The Defendant, Daniel Viera, perpetrated unwelcome verbal conduct such as asking her to sleep with him. He would ask her to sleep with him almost every time he saw her. He stated that his wife would never find out and it would be just between them. Defendant, Daniel Viera, would also speak of his sexual exploits and brag about them. Defendant, Daniel Viera, would also perpetrate unwelcome physical conduct such as pulling Plaintiff's shirt out of her pants. It is believed and therefore averred that he also did such things to other employees as well, though some may eventually have given in to him.

9.      Plaintiff repeatedly informed him that the conduct was unwelcome and that he should stop and that she did not want to sleep with him. The Defendant, Daniel Viera, would switch his job responsibilities with other people so that he could be with the Plaintiff while she did her job responsibilities. In or around August, 2001, the Defendant, Daniel Viera, attempted to kiss the Plaintiff in the recreational yard. The above-described conduct was continuous and substantial through September, 2001, and because the Plaintiff was not responding to her requests to cease and desist, she had her schedule changed so as to avoid being in the same place with Defendant, Viera. Defendant's supervisors were aware of the reason she was requesting the change.

10.     As a result of the change, the sexual harassment got even worse. Defendant,

Viera, would call her throughout the day from wherever he was and continue to sexually harass her. He would tell her that he was watching her. He would say that even though Plaintiff was saying no, that he knew that that meant she wanted to be with him. He would come to the Plaintiff and commit acts of physical harassment such as attempting to, and actually kissing her, grabbing her chest, buttocks, and crotch. In addition, approximately two days before Plaintiff had approached her supervisors, Elizabeth, the records secretary, informed Plaintiff that Officer Viera, D. had sent an e-mail out to some of her fellow co-workers. She said some of the people who received the e-mail were talking about it in the staff dining room. Officer Kunkle was in the dining room and had said that she received it. Officer Spencer was there also but said that he did not get any e-mail. Plaintiff spoke with Officer Spencer later that day and he did say that they were talking about it. The people in the dining room said that it was a picture of an extremely obese naked woman. They also said that when the woman turned around to face the front, her face was a picture of Plaintiff's face. Defendant, Daniel Viera, is believed to have been obtained from the Plaintiff's personnel file and participated in having it superimposed on the e-mail.

11.     In or around February, 2002, Plaintiff became aware that there were also things written in the men's locker room about the Plaintiff such as "Solt gives good blow jobs. Just ask Viera," and "Lockley f---s Solt up the ass."   Plaintiff notified her supervisors of this fact.

12.     In or around May or June, 2002, the Defendant, Daniel Viera, wrote a statement about the Plaintiff and posted it in the staff library. The writing stated words to the effect "Julie Solt slept with Nelson and Seabrooks in the parking lot." Plaintiff notified her supervisors on the same day of this occurrence.

13.     On or about July 3, 2002, Daniel and Stephanie Viera both falsely told Officer

4

Marino that Plaintiff had an affair with two inmates. Plaintiff later found out that someone had written "Solt + Fears" (the name of one of the alleged inmates) on one of the chairs in the staff dining room.

14.    Subsequently, the Plaintiff became aware that there was being delivered to the prison an "Ebony" magazine addressed to "Julie Slut." There is no other Julie who works at the prison. Defendants were aware that Plaintiff's children are bi-racial.

15.    From August 9, through August 12, 2002, Plaintiff was off of work. When she returned to her home, she found messages on her answering machine from other prison employees asking her to talk to them before returning to work. When the Plaintiff returned the call(s), she was informed that Defendant, Viera, was talking about Plaintiff to Officer Spencer in a grotesque sexual way at roll call.

16.    As a direct and proximate result of the above-described occurrences, the Plaintiff was caused to seek medical attention and was placed upon medications. She had severe emotional distress, anxiety, sleeplessness, depression, etc., causing her to become unable to return to her employment. The Plaintiff was constructively discharged from her employment as a result of the intolerable conditions in violation of Civil Rights laws.

17.    Defendant, Sergeant Foster, was aware of the physical and verbal conduct that the Defendant, Daniel Viera, was engaging in no later than April, 2002. In approximately, the middle of April, 2002, Plaintiff had received her yearly evaluation. In the evaluation it stated that she doesn't work well with other officers. When Plaintiff questioned Defendant, Sgt. Foster, about why he would state such a thing, he said that it was because of the situation with Officer Viera and Plaintiff. In the comment area of the evaluation, Plaintiff responded by stating that she

felt that she did get along very well with other officers as long as she is not being harassed by them.

18.    When Plaintiff spoke to Defendant, Captain Slashinski, he said, "I have nothing to do with that. That's between you and Danny." Plaintiff replied by saying that he (Defendant, Captain Slashinski) does have a lot to do with it, because it is only happening at work. That he (Viera, D.) does not call Plaintiff at home and he doesn't know where she lives. Later that afternoon Defendant, Capt. Slashinski, came down to Housing Control where Plaintiff was posted that day to talk some more about the situation. He said among other things that Officer Viera is like a 2 year old, and that Plaintiff should just try to ignore him and his games. He also said that everyone is aware of how he is.

19.    The facts described herein constitute "continuing violations" in that the discriminatory and/or retaliatory conduct is part of an ongoing practice or pattern of discrimination on the part of the Defendants.

20.    The within action is brought on the basis of federal question jurisdiction in that this is an action based upon Title VII as well as Sections 1983, 1985, 1986 and 1988. The state law claims are brought under the Court's "Pendent Jurisdiction."

21.    The Plaintiff timely filed her claims and exhausted her administrative remedies by cross-filing claims with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. Those claims bore the following docket numbers before those administrative agencies:

      a.    Claim against Monroe County Correctional Facility and County of Monroe:

          i) PHRC Docket No.:  200205550

ii) EEOC Docket No.:  17FA361322

b.    Claims against Daniel Viera:

i) PHRC Docket No.:  200205591

ii) EEOC Docket No.:  17FA361321

c.    Claims against Daniel Slashinski:

i) PHRC Docket No.:  200205592

ii) EEOC Docket No.:  17FA361320

d.    Claims against Steven Foster:

i) PHRC Docket No.:  200205593

ii) EEOC Docket No.:  17FA361319

## FIRST CAUSE OF ACTION

## COUNT I

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Julie Solt

### vs.

### Daniel Viera, in his individual and official capacities

22.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 21 inclusively, as though same were set forth more fully at length herein.

23.    The Defendant by the above-mentioned words and actions acted in an extreme and outrageous fashion intentionally and/or recklessly causing severe emotional distress and psychological harm to the Plaintiff.

24.     The conduct noted above goes beyond all possible bounds of decency and is such as would be regarded as atrocious and utterly intolerable in a civilized community.

25.     The Plaintiff suffered severe emotional distress and highly unpleasant mental reactions including but not limited to fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry.

26.     The emotional distress was severe such that no reasonable person could be expected to endure it.

27.     As a direct and proximate result of the above-described occurrence, the Plaintiff suffered severe emotional distress and psychological injury which has been to her great financial loss.

28.     As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered great mental anguish and psychological injury up to the date of the filing of this Complaint, all of which has been to her great financial loss.

29.     As a direct and proximate result of the above-described occurrence, the Plaintiff will continue to suffer great mental anguish and psychological harm into the future, all of which will be to her great financial loss.

30.     As a direct and proximate result of the above-described occurrence, Plaintiff has incurred substantial medical expenses to date.

31.     As a direct and proximate result of the above-described occurrence, the Plaintiff will have to expend large sums of money in the future due to the nature of her condition.

32.     As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue her usual occupation for periods of time from the date of the incidents upon which this cause of action is based and up to the date of the filing of this Complaint, and

has suffered lost wages, and other lost employment benefits up to the date of the filing of this Complaint, all of which has been to her great financial loss.

33.    As a direct and proximate result of the above-described occurrence, the Plaintiff will be unable to pursue her usual occupation for periods of time into the future, and will suffer lost wages, and other lost employment benefits into the future, all of which has been to her great financial loss.

34.    As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of the Plaintiff's age and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life up to the date of the filing of the Complaint, all of which has been to her great financial loss.

35.    As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, be unable to pursue and enjoy the usual activities of life of an individual of the Plaintiff's age and he will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of her life, all of which will be to her great financial loss.

36.    As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer loss of earning capacity, all of which will be to her great financial loss.

WHEREFORE, Plaintiff demands a judgment against the Defendant for a sum in excess of one hundred thousand dollars ($100,000.00) and in excess of the compulsory arbitration limits.

## FIRST CAUSE OF ACTION

## COUNT II

### Title VII

**Julie Solt**

**VS.**

**Daniel Viera, in his official capacity**

37.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1

through 36 inclusively, as though same were set forth more fully at length herein.

38.    42 U.S.C.S. Section 2000e-2(a)(1) makes it unlawful "to discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment

because of such individuals sex . . . "

39.    42 U.S.C.S. Section 2000e-2(a)(2) makes it unlawful "to limit, segregate, or

classify his employees or applicants for employment opportunities or otherwise adversely affect

his status as an employee, because of such individual's race, color, religion, sex, or national

origin."

40.    42 U.S.C.S. Section 2000e-3 provides in pertinent part as follows:

> (a) Discrimination for making charges, testifying, assisting, or
> participating in enforcement proceedings    It shall be an unlawful
> employment practice for an employer to discriminate against any
> of his employees or applicants for employment, for an employment
> agency, or joint labor-management committee controlling
> apprenticeship or other training or retraining, including on-the-job
> training programs, to discriminate against any individual, or for a
> labor organization to discriminate against any member thereof or
> applicant for membership, because he has opposed any practice
> made an unlawful employment practice by this subchapter, or
> because he has made a charge, testified, assisted, or participated in
> any manner in an investigation, proceeding, or hearing under this
> subchapter.

41.     42 U.S.C.S. Section 2000e-2(d) makes it unlawful for employer involved with training to discriminate on the basis of sex.

42.     42 U.S.C.S. Section 2000e-2(m) states that "except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."

43.     29 C.F.R. Section 1604.11 defines illegal sexual harassment to include unwelcome sexual advances or other verbal or physical  conduct of a sexual nature when : (1) submission to such conduct is made whether explicitly or implicitly a term or condition of employment; (2) submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual; (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

44.     The defendant did make unwelcome sexual discourse upon the Plaintiff and sexual discrimination constituting sexual harassment under Title VII, and specifically 29 C.F.R. Section 1604.11, et al.

45.     The defendants did engage in verbal and/or physical conduct of a sexual nature: (1) making submission to such conduct either explicitly or implicitly a term or condition of employment; (2) because submission to or rejection of such conduct by an individual was used as a basis for employment decisions affecting the Plaintiff; (3) because such conduct had the purpose or effect of unreasonably interfering with the Plaintiff's work performance and/or created an  intimidating, hostile and/or offensive working environment.

46.     The Defendant did make submission to the above referenced conduct a term and

condition of employment.

47.     Defendants made Plaintiff's working conditions intolerable as a result of the illegal activities described herein, and Plaintiff's gender was a motivating factor in Defendant's actions. Working conditions were so difficult or unpleasant that a reasonable person in Plaintiff's shoes would have felt compelled to refuse to work under them.  Defendant intentionally created an intolerable work atmosphere that forced Plaintiff to refuse to work under such conditions. Plaintiff's refusal/inability to work under such conditions was a reasonably foreseeable result of Defendant's actions.

48.     Sex was a determining factor and/or substantial role in Defendants' decisions and defendants' actions and Defendants would not have engaged in the conduct but for Plaintiff's sex.

49.     Plaintiff was engaged in a "protected activity," in that she opposed a discriminatory practice, and testified, assisted, or participated in an investigation regarding a charge of discrimination, protested the existence of sexual harassment to the employer and/or to a government agency charged with enforcement of employment discrimination laws.

50.     Plaintiff suffered an "adverse employment action", including the fact that she was constructively discharged as a result of the Plaintiff's resisting the discriminatory actions.

51.     Defendants acted out of a sexually discriminatory and/or retaliatory motive in taking the adverse employment action.

52.     Plaintiff had and has a reasonable basis for believing that Defendant's conduct was discriminatory.

53.     The Defendant acquiesced in harassment by coworkers and knew of the harassment and failed to act promptly to take action reasonably likely to remedy the harassment and prevent future episodes.

54.     Plaintiff claims that she was treated differently, based on her sex, through sexual

harassment with the knowledge, acquiescence and/or encouragement of the employer. The Defendant subjected the Plaintiff to unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature which altered the terms and conditions of her employment.

55.   Defendant, employer, intentionally discriminated against Plaintiff on the basis of gender. Defendant discriminated against Plaintiff in connection with compensation or terms, conditions, or privileges of employment; and/or limited, segregated, or classified Plaintiff for employment in a manner that deprived or, tended to deprive Plaintiff of employment opportunities or otherwise adversely affected the status of Plaintiff as an employee.

56.   The offensive conduct was so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating an intimidating, hostile, or offensive work environment. Plaintiff's reactions to same were as a reasonable person's reactions would have been to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

57.   Defendant through its supervisory or higher employees used Plaintiff's acceptance of the sexual harassment and hostile work conditions as the basis for a decision affecting the compensation, terms, conditions, or privileges of her job and in constructively discharging her. Plaintiff's tangible job benefits or privileges were conditioned on her submission.

58.   The conduct complained of was "unwelcome" in that Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

59.   The alleged conduct was based on sex, that is, but for the fact of her sex, Plaintiff would not have been the object of harassment; and the alleged conduct affected a term, condition, or privilege of employment, that is, the sexual harassment was so sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive or hostile working environment.

13

60.     Defendant knew or reasonably should have known of sexual harassment of Plaintiff, and failed to take prompt remedial action.

61.     Defendant failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior.

62.     Plaintiff did not unreasonably fail to take advantage of any preventative or corrective opportunities  provided by Defendant or to avoid harm otherwise.

63.     The environment was sexually objectionable both objectively and subjectively offensive, and one that a reasonable person would find hostile or abusive, and one that Plaintiff did in fact perceive to be so.

64.     The conduct described above was physically threatening or humiliating and/or unreasonably interfered with Plaintiff's work performance.

65.     The Defendants and successively higher authority had the power to effectuate a tangible employment action.

66.     Defendants, Monroe Correctional Facility and/or County of Monroe, failed to have an adequate sexual harassment policy, and/or failed to enforce that policy, and/or failed to appropriately train employees about sexual harassment, and/or failed to appropriately investigate claims of sexual harassment, and/or appropriately discipline employees who engaged in sexual harassment.

67.     The Defendant did violate Title VII and its various provisions. The defendants established a pattern of violations which was of a continuing nature until the time she was constructively terminated.

68.     42 U.S.C.S. Section 2000e-5 provides the Plaintiff with a private right of action for the above cited violations for which the Plaintiff brings the instant cause of action.

69.     42 U.S.C.S. Section 1981 and particularly Section 1977A gives the Plaintiff the

following remedies which Plaintiff claims in this case: (1) Compensatory damages; (2) Punitive damages; (3) Right to trial by jury.

70.     As a direct and proximate result of the above-described occurrence, the Plaintiff has sustained all of the damages set forth within the confines of this Complaint.

71.     Each of the above-cited actions constitutes a discriminatory practice.

72.     The Defendant perpetrated the above discriminatory practices with malice, intentionally and/or with reckless indifference to the federally protected rights of the Plaintiff. The defendants' conduct was outrageous and the Defendant acted with a bad motive with reckless indifference to the interests of the Plaintiff.

73.     Plaintiff claims entitlement to punitive damages.

74.     42 U.S.C.S. Section 1988 and 42 U.S.C.S. Section 2000e-5(k) provide for the awarding to Plaintiff of attorney's fees and Plaintiff hereby demands entitlement thereto.

75.     42 U.S.C.S. Section 2000e-5 provides for reimbursement to Plaintiff of expert fees which Plaintiff hereby demands.

76.     42 U.S.C.S. Section 2000e-2 and e-5 provide for the Plaintiff to recover the costs of litigation to which Plaintiff hereby makes claim.

77.     The Defendants, Monroe County Correctional Facility and/or Monroe County, have had more than 15 employees in 20 or more calendar weeks.

78.     Plaintiff brings the within action under 42 U.S.C.A. Sections 2000e to 2000e-15 [hereinafter Title VII]. Title VII, Section 703(a) states that it is an "unlawful employment practice" for a State employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Section 703(a)(2) forbids limiting the employment "opportunities" of an

applicant or incumbent employee on any of the same grounds. Section 704(a) prohibits

retaliation against the Plaintiff for opposing discriminatory practices and/or for attempting to

enforce her rights against discrimination on the basis of sex.

79.     The Defendants actions as stated herein have violated the Plaintiff's rights

guaranteed by the above-referenced statutes.

80.     As a direct and proximate result of the above described occurrence, the Plaintiff

has sustained all of the damages set forth within the confines of this Complaint.

81.     Plaintiff requests injunctive relief in the form of reinstatement without

discrimination, back pay and front pay, compensatory and punitive damages, expert and other

litigation costs as well as attorney fees, as well as all other remedies that the Court deems just.


WHEREFORE, Plaintiff demands judgment against the Defendants for

appropriate equitable relief, compensatory and punitive damages, plus attorney fees and

litigation costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in

excess of the compulsory arbitration limits.


## FIRST CAUSE OF ACTION

## COUNT III

### Invasion of Privacy

**Julie Solt**

**VS.**

**Daniel Viera, in his individual capacity**

82.     Plaintiff incorporates by reference all the allegations contained in

16

paragraphs 1 through 81 inclusively, as though same were set forth more fully at length herein.

83.    The Defendant intentionally intruded physically and otherwise into the solitude and seclusion of the Plaintiff and/or her private affairs and concerns by the above-cited actions.

84.    As a direct and proximate result of the above-described occurrence, the Plaintiff suffered an invasion of privacy since a similar intrusion upon the solitude or seclusion or private affairs and concerns of a reasonable person would be highly offensive to that reasonable person.

85.    As a direct and proximate result of the above-described occurrence, the Plaintiff suffered all of the damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against the Defendant for a sum in excess of fifty thousand ($50,000.00) dollars and in excess of the compulsory arbitration limits.

## FIRST CAUSE OF ACTION

## COUNT IV

### Section 1983, 1985, 1986 and 1988

**Julie Solt**

**VS.**

**Daniel Viera, in his individual and official capacities**

86.    Plaintiff incorporates by reference all the allegations contained in

paragraphs 1 through 85 inclusively, as though same were set forth more fully at length herein.

87.    At all times mentioned herein, the Defendant was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations and policies, customs and uses of the Commonwealth of Pennsylvania, the County of Monroe.

88.    The Monroe County Correctional Facility and/or the County of Monroe are public bodies organized and existing under the laws of the Commonwealth of Pennsylvania in the County of Monroe with its principal offices located as set forth above.

89.    The Plaintiff alleges that the Defendant under color of law violated and conspired to violate certain rights guaranteed by United States Constitution by wantonly, purposefully and without just cause sexually harassing the Plaintiff and retaliating against her and otherwise discriminating against her and by invading her rights to privacy and by the other unlawful actions as described above.  This cause of action is brought pursuant to 42 U.S.C.S. Section 1983, 1985 and 1988 and the first, and fourteenth amendments and the penumbral privacy rights of the United States Constitution.  This action is also brought under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

90.    42 USCA Section 1983 provides as follows:

> The District Courts shall have original jurisdiction of any
> civil action authorized by law to be commenced by any
> person: To redress the deprivation, under color of any State
> law, statute, ordinance, regulation, custom or usage, of any
> right, privilege or immunity secured by the Constitution of
> the United States or by any Act of Congress providing for
> equal rights of citizens or of all persons within the

18

jurisdiction of the United States.

91.    The Fourteenth Amendment to the Constitution of the United States provides as follows:

> All persons born or naturalized in the United States, and
> subject to the jurisdiction thereof, are citizens of the United
> States and of the State wherein they reside. No State shall
> make or enforce any law which shall abridge the privileges
> or immunities of citizens of the United States; nor shall any
> State deprive any person of life, liberty, or property,
> without due process of law; nor deny to any person within
> its jurisdiction the equal protection of the laws.

92.    The Defendant, was a "State actor," and was acting under "color of state law."

93.    The Defendant is a "person" subject to suit.

94.    The Defendant violated the Plaintiff's clearly established constitutional and statutory right as set forth in this Complaint. The Defendant also violated Plaintiff's Constitutional right to access to the Courts.

95.    The Plaintiff was denied equal protection of the laws in violation of the Fourteenth Amendment by the intentional discrimination as set forth herein.

96.    The Defendant violated 42 USCA Section 1986 by having knowledge of the wrongs conspired to be done and having the power to prevent the commission of same neglected and/or refused to do so. The Defendant is liable to the Plaintiff for having failed to prevent such act which he through the exercise of reasonable diligence could have prevented. The defendant knew of the conspiracy and despite the power to prevent the same or aid in its prevention, failed to do so, resulting in Plaintiff's damages.

97.    Plaintiff makes claim for the damages recoverable under Section 1988.

98.    The discrimination described above has been intentional, reckless, grossly negligent and/or negligent. Further, there existed a conspiracy to violate the Plaintiff's

rights in violation of Sections 1985 and 1986.

99.    Daniel Viera and/or others had a history of sex discrimination, and in spite of said history which was known and/or should have been known by the Defendants, he was allowed to continue in his position without adequate means to prevent the discrimination which the Plaintiff suffered.

100.    The Defendant has maintained an inadequate system of review of its officers' acts of intentional or other acts of race discrimination, all of which lead to the unconstitutional and illegal deprivations of Plaintiff's rights as well as of the infliction of injury and emotional distress due to the Defendants' conduct.

101    Said inadequate system of review has failed to identify instances of:

i)    illegal discrimination on the basis of sex by its supervisory employees and/or other agents, servants and/or employees;

ii)    instances of sex discrimination by Daniel Viera and/or others;

iii)    instances of retaliation for attempted enforcement and/or assertion of the rights secured under law;

iv)    conspiracies in an attempt to deprive the above-named rights;

v)    unlawful conspiracies to cover up violations of civil rights as set forth above;

102.    Said Defendants failed to discipline, terminate, more closely supervise, or retrain officers, who, in fact, improperly committed the acts alleged in the foregoing paragraph. Such failure to train was with deliberate indifference to the rights of the Plaintiff and directly lead to constitutional and federal right violations in this case. Further, prior to the dates of the Plaintiff's loss of rights, the Defendant permitted, encouraged, tolerated and ratified a pattern and practice of instances of the above cited

20

constitutional and statutory violations so that officers routinely violated such rights.

103.    The Defendants encouraged, permitted, tolerated and ratified the patterns of conduct set forth in the previous paragraphs in that:

a)    Defendants failed to discipline or prosecute any or in any way deal with incidences of said practices;

b)    Defendants refused to investigate complaints of previous similar practices, instead officially claiming that such practices were justified and proper;

c)    by means of both action and inaction and cover up of such practices, the Defendants encouraged officers to believe that such conduct was permissible;

d)    Defendants indeed encouraged such ignorance of written procedures and directly encouraged the commission of the above acts;

e)    Defendants retaliated against individuals who asserted their rights against discrimination.

104.    On information and belief, the systematic deficiencies include but are not limited to;

a)    preparation of investigative reports designed to vindicate officers' actions which in reality were violations of constitutional and/or statutory rights.

b)    preparation of investigative reports which critically rely solely upon the word of the supervisory officers involved in the incident and which systematically fail to accredit testimony by subordinate individuals involved;

c)    preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the victims;

d)    failure to review investigative reports by responsible superior

21

officers for accuracy or completeness and acceptance of conclusions which are
unwarranted by the evidence and/or which contradict such evidence;

      e)    by covering up constitutional and statutory violations and
"sweeping them under the carpet;"

      f)    by retaliating against individuals who asserted their rights against
discrimination.

105.   Defendants have consciously and/or in a grossly negligent fashion and with a
reckless disregard for the rights of citizens, failed to train or retrain the officers in the
fundamental law of sex discrimination, which directly lead to the Plaintiff's damages.

106.   The foregoing acts, omissions, systematic deficiencies, polices and customs of the
Defendants have caused the Defendant's employees to be unaware of the rules regarding the
proper relations between the sexes in a work environment, or to believe that they may illegally
discriminate. Said acts, omissions and systematic deficiencies, policies and customs of the
Defendants have caused Defendants' employees to believe that the above-named actions are
entirely within the discretion of the officer or employee and that abuses would not be honestly
and properly investigated all with the foreseeable result of the officers/employee acting as they
did in the instant case.

107.   The Defendants knew or should have known that the Defendants and other
officers were routinely violating citizens' rights in the above-named fashion such that hiring and
continuing the employment of said Defendants, violated the Plaintiff's civil rights as outlined
herein.

108.   The Defendants by extreme and outrageous conduct intentionally and/or
recklessly and/or in a grossly negligent fashion caused severe emotional distress to the Plaintiff
who did, in fact, suffer distress and will in the future suffer severe emotional distress all as a

result of the Defendants conduct as previously set forth herein.

109.    The above-described occurrence was extreme and outrageous and beyond all possible bounds of decency and as such will be regarded as atrocious, outrageous and utterly intolerable in a civilized community.

110.    As a direct and proximate result of the above-described occurrence, the Plaintiff suffered highly unpleasant mental reaction such as fright, horror, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, etc.

111.    The emotional distress suffered by the Plaintiff is severe such that no reasonable person could be expected to endure it given the intensity of the duress and its duration. The Plaintiff's severe emotional distress has resulted in physical manifestations thereof.

112.    As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer severe emotional distress as she has already suffered in the past.

113.    As a result of the foregoing acts, omissions, systematic deficiencies, policies and customs of the Defendants, Plaintiff has suffered deprivation of numerous constitutional and statutory rights and liberties.

114.    As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered all of the damages set forth in this Complaint.


WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, attorneys fees and all recoverable costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

## FIRST CAUSE OF ACTION

## COUNT V

## PENNSYLVANIA HUMAN RELATIONS ACT

### Julie Solt

### VS.

### Daniel Viera, in his individual and official capacities

115.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1

through 114 inclusively, as though same were set forth more fully at length herein.

116.    43 P.S. § 955 provides in pertinent part as follows:

"It shall an unlawful discriminatory practice, unless based upon a
bona fide occupational qualification, or in the case of a fraternal
corporation or association, unless based upon membership and
such association or corporation, or except where based upon
applicable security regulations established by the United States
with the Commonwealth of Pennsylvania:

(a) for any employer because of the . . . sex . . . of any
individual . . . to refuse to hire or employ or contract with, or to bar
or to discharge from employment, such individual or independent
contractor, or to otherwise discriminate against such individual or
independent contractor with respect to compensation, hire, tenure,
terms, conditions, or privileges of employment or contract, if
individual or independent contractor is the best able and most
competent to perform the services required. . .

(b) for any employer, employment agency or labor
organization, prior to the employment, contracting with an
independent contractor or admission to membership, to:
(1) elicit any information or make or keep a record of or
use any form of application or application blank containing or
entries concerning the . . . sex . . . of any applicant for employment
or membership. . .
(d) for any person, employer, employment agency or labor
organization to discriminate in any manner against any individual
because such individual has opposed any practice forbidden by this
act, or because such individual has made a charge, testified, or
assisted in any manner, in any investigation, proceeding or hearing
under this act.

(e) for any person, employer, employment agency, labor organization, or employee, to aid, abet, incite, compel or coerce, the doing of any act declared by this ' to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this ' to be an unlawful discriminatory practice. . .

(j) for any person subject to the act of failed to post an exhibit prominently in his place of business, any fair practices noticed, prepared and distributed by the Pennsylvania Human Relations Commission. . .

117.    Regulations passed pursuant to 42 P.S. § 951, et seq., found that 16 PA Code § 43.1 and 43.2 provide that it is necessary for the posting and maintaining at the place of employment fair employment practices notices furnished by the Human Relations Commission indicating the substantive provisions of the Act, where complaints may be filed, etc. They further provide that the notices be posted conspicuously in easily accessible and well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the employee services are performed.

118.    The Defendants herein violated the above laws in failing to comply by posting conspicuous, easily accessible notices in well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the employee services are performed. The notices were not posted and did not contain the substantive provisions of the Act in providing the appropriate relief that may be sought by the Plaintiff and others similarly situated.

119.    The Defendants performed all of the acts as previously alleged in violation of the Pennsylvania Human Relations Act and, therefore, in addition to the other claims, Plaintiff makes claim under the Pennsylvania Human Relations Act.

120.    As a direct and proximate result of the above described occurrence, the Plaintiff sustained all of the damages set forth within the confines of this Complaint, for which Plaintiff

makes claim.

WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, plus attorney fees and litigation costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

## SECOND CAUSE OF ACTION

### COUNT I

### Title VII

### Julie Solt

### VS.

### Daniel Slashinski, in his official capacity

121.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 120 inclusively, as though same were set forth more fully at length herein.

122.    42 U.S.C.S. Section 2000e-2(a)(1) makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals sex . . . "

123.    42 U.S.C.S. Section 2000e-2(a)(2) makes it unlawful "to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

124.   42 U.S.C.S. Section 2000e-3 provides in pertinent part as follows:

(a) <u>Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings</u>   It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

125.   42 U.S.C.S. Section 2000e-2(d) makes it unlawful for employer involved with training to discriminate on the basis of sex.

126.   42 U.S.C.S. Section 2000e-2(m) states that "except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."

127.   29 C.F.R. Section 1604.11 defines illegal sexual harassment to include unwelcome sexual advances or other verbal or physical  conduct of a sexual nature when : (1) submission to such conduct is made whether explicitly or implicitly a term or condition of employment; (2) submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual; (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

128.   The defendant did make unwelcome sexual discourse upon the Plaintiff and sexual discrimination constituting sexual harassment under Title VII, and specifically 29 C.F.R.

Section 1604.11, et al.

129.    The defendants did engage in verbal and/or physical conduct of a sexual nature:
(1) making submission to such conduct either explicitly or implicitly a term or condition of
employment; (2) because submission to or rejection of such conduct by an individual was used as
a basis for employment decisions affecting the Plaintiff; (3) because such conduct had the
purpose or effect of unreasonably interfering with the Plaintiff's work performance and/or created
an intimidating, hostile and/or offensive working environment.

130    The Defendant did make submission to the above referenced conduct a term and
condition of employment.

131.    Defendants made Plaintiff's working conditions intolerable as a result of the
illegal activities described herein, and Plaintiff's gender was a motivating factor in Defendant's
actions. Working conditions were so difficult or unpleasant that a reasonable person in Plaintiff's
shoes would have felt compelled to refuse to work under them.  Defendant intentionally created
an intolerable work atmosphere that forced Plaintiff to refuse to work under such conditions.
Plaintiff's refusal/inability to work under such conditions was a reasonably foreseeable result of
Defendant's actions.

132.    Sex was a determining factor and/or substantial role in Defendants' decisions and
defendants' actions and Defendants would not have engaged in the conduct but for Plaintiff's sex.

133.    Plaintiff was engaged in a "protected activity," in that she opposed a
discriminatory practice, and testified, assisted, or participated in an investigation regarding a
charge of discrimination, protested the existence of sexual harassment to the employer and/or to
a government agency charged with enforcement of employment discrimination laws.

134.    Plaintiff suffered an "adverse employment action", including the fact that she was
constructively discharged as a result of the Plaintiff's resisting the discriminatory actions.

28

135.   Defendants acted out of a sexually discriminatory and/or retaliatory motive in taking the adverse employment action.

136.   Plaintiff had and has a reasonable basis for believing that Defendant's conduct was discriminatory.

137.   The Defendant acquiesced in harassment by coworkers and knew of the harassment and failed to act promptly to take action reasonably likely to remedy the harassment and prevent future episodes.

138.   Plaintiff claims that she was treated differently, based on her sex, through sexual harassment with the knowledge, acquiescence and/or encouragement of the employer. The Defendant subjected the Plaintiff to unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature which altered the terms and conditions of her employment.

139.   Defendant, employer, intentionally discriminated against Plaintiff on the basis of gender. Defendant discriminated against Plaintiff in connection with compensation or terms, conditions, or privileges of employment; and/or limited, segregated, or classified Plaintiff for employment in a manner that deprived or, tended to deprive Plaintiff of employment opportunities or otherwise adversely affected the status of Plaintiff as an employee.

140.   The offensive conduct was so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating an intimidating, hostile, or offensive work environment. Plaintiff's reactions to same were as a reasonable person's reactions would have been to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

141.   Defendant through its supervisory or higher employees used Plaintiff's acceptance of the sexual harassment and hostile work conditions as the basis for a decision affecting the compensation, terms, conditions, or privileges of her job and in constructively discharging her.

Plaintiff's tangible job benefits or privileges were conditioned on her submission.

142.   The conduct complained of was "unwelcome" in that Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

143.   The alleged conduct was based on sex, that is, but for the fact of her sex, Plaintiff would not have been the object of harassment; and the alleged conduct affected a term, condition, or privilege of employment, that is, the sexual harassment was so sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive or hostile working environment.

144.   Defendant knew or reasonably should have known of sexual harassment of Plaintiff, and failed to take prompt remedial action.

145.   Defendant failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior.

146.   Plaintiff did not unreasonably fail to take advantage of any preventative or corrective opportunities  provided by Defendant or to avoid harm otherwise.

147.   The environment was sexually objectionable both objectively and subjectively offensive, and one that a reasonable person would find hostile or abusive, and one that Plaintiff did in fact perceive to be so.

148.   The conduct described above was physically threatening or humiliating and/or unreasonably interfered with Plaintiff's work performance.

149.   The Defendants and successively higher authority had the power to effectuate a tangible employment action.

150.   Defendants, Monroe Correctional Facility and/or County of Monroe, failed to have an adequate sexual harassment policy, and/or failed to enforce that policy, and/or failed to appropriately train employees about sexual harassment, and/or failed to appropriately investigate

claims of sexual harassment, and/or appropriately discipline employees who engaged in sexual harassment.

151.   The Defendant did violate Title VII and its various provisions. The defendants established a pattern of violations which was of a continuing nature until the time she was constructively terminated.

152.   42 U.S.C.S. Section 2000e-5 provides the Plaintiff with a private right of action for the above cited violations for which the Plaintiff brings the instant cause of action.

153.   42 U.S.C.S. Section 1981 and particularly Section 1977A gives the Plaintiff the following remedies which Plaintiff claims in this case: (1) Compensatory damages; (2) Punitive damages; (3) Right to trial by jury.

154.   As a direct and proximate result of the above-described occurrence, the Plaintiff has sustained all of the damages set forth within the confines of this Complaint.

155.   Each of the above-cited actions constitutes a discriminatory practice.

156.   The Defendant perpetrated the above discriminatory practices with malice, intentionally and/or with reckless indifference to the federally protected rights of the Plaintiff. The defendants' conduct was outrageous and the Defendant acted with a bad motive with reckless indifference to the interests of the Plaintiff.

157.   Plaintiff claims entitlement to punitive damages.

158.   42 U.S.C.S. Section 1988 and 42 U.S.C.S. Section 2000e-5(k) provide for the awarding to Plaintiff of attorney's fees and Plaintiff hereby demands entitlement thereto.

159.   42 U.S.C.S. Section 2000e-5 provides for reimbursement to Plaintiff of expert fees which Plaintiff hereby demands.

160.   42 U.S.C.S. Section 2000e-2 and e-5 provide for the Plaintiff to recover the costs of litigation to which Plaintiff hereby makes claim.

161.    The Defendants, Monroe County Correctional Facility and/or Monroe County, have had more than 15 employees in 20 or more calendar weeks.

162.    Plaintiff brings the within action under 42 U.S.C.A. Sections 2000e to 2000e-15 [hereinafter Title VII]. Title VII, Section 703(a) states that it is an "unlawful employment practice" for a State employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Section 703(a)(2) forbids limiting the employment "opportunities" of an applicant or incumbent employee on any of the same grounds. Section 704(a) prohibits retaliation against the Plaintiff for opposing discriminatory practices and/or for attempting to enforce her rights against discrimination on the basis of sex.

163.    The Defendants actions as stated herein have violated the Plaintiff's rights guaranteed by the above-referenced statutes.

164.    As a direct and proximate result of the above described occurrence, the Plaintiff has sustained all of the damages set forth within the confines of this Complaint.

165.    Plaintiff requests injunctive relief in the form of reinstatement without discrimination, back pay and front pay, compensatory and punitive damages, expert and other litigation costs as well as attorney fees, as well as all other remedies that the Court deems just.


WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, plus attorney fees and litigation costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

## SECOND CAUSE OF ACTION

## COUNT II

### Section 1983, 1985, 1986 and 1988

#### Julie Solt

#### VS.

#### Daniel Slashinski, in his individual and official capacities

166.   Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 165 inclusively, as though same were set forth more fully at length herein.

167.   At all times mentioned herein, the Defendant was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations and policies, customs and uses of the Commonwealth of Pennsylvania, the County of Monroe.

168.   The Monroe County Correctional Facility and/or the County of Monroe are public bodies organized and existing under the laws of the Commonwealth of Pennsylvania in the County of Monroe with its principal offices located as set forth above.

169.   The Plaintiff alleges that the Defendant under color of law violated and conspired to violate certain rights guaranteed by United States Constitution by wantonly, purposefully and without just cause sexually harassing the Plaintiff and retaliating against her and otherwise discriminating against her and by invading her rights to privacy and by the other unlawful actions as described above. This cause of action is brought pursuant to 42 U.S.C.S. Section 1983, 1985 and 1988 and the first, and fourteenth amendments and the penumbral privacy rights of the United States Constitution. This action is also

brought under the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution, the Due Process Clause of the Fourteenth Amendment to the United

States Constitution.

170.   42 USCA Section 1983 provides as follows:

> The District Courts shall have original jurisdiction of any
> civil action authorized by law to be commenced by any
> person: To redress the deprivation, under color of any State
> law, statute, ordinance, regulation, custom or usage, of any
> right, privilege or immunity secured by the Constitution of
> the United States or by any Act of Congress providing for
> equal rights of citizens or of all persons within the
> jurisdiction of the United States.

171.   The Fourteenth Amendment to the Constitution of the United States

provides as follows:

> All persons born or naturalized in the United States, and
> subject to the jurisdiction thereof, are citizens of the United
> States and of the State wherein they reside. No State shall
> make or enforce any law which shall abridge the privileges
> or immunities of citizens of the United States; nor shall any
> State deprive any person of life, liberty, or property,
> without due process of law; nor deny to any person within
> its jurisdiction the equal protection of the laws.

172.   The Defendant, was a "State actor," and was acting under "color of state

law."

173.   The Defendant is a "person" subject to suit.

174.   The Defendant violated the Plaintiff's clearly established constitutional

and statutory right as set forth in this Complaint. The Defendant also violated Plaintiff's

Constitutional right to access to the Courts.

175.   The Plaintiff was denied equal protection of the laws in violation of the

Fourteenth Amendment by the intentional discrimination as set forth herein.

176.   The Defendant violated 42 USCA Section 1986 by having knowledge of

the wrongs conspired to be done and having the power to prevent the commission of same neglected and/or refused to do so. The Defendant is liable to the Plaintiff for having failed to prevent such act which he through the exercise of reasonable diligence could have prevented. The defendant knew of the conspiracy and despite the power to prevent the same or aid in its prevention, failed to do so, resulting in Plaintiff's damages.

177.    Plaintiff makes claim for the damages recoverable under Section 1988.

178.    The discrimination described above has been intentional, reckless, grossly negligent and/or negligent. Further, there existed a conspiracy to violate the Plaintiff's rights in violation of Sections 1985 and 1986.

179.    Daniel Viera and/or others had a history of sex discrimination, and in spite of said history which was known and/or should have been known by the Defendants, he was allowed to continue in his position without adequate means to prevent the discrimination which the Plaintiff suffered.

180.    The Defendant has maintained an inadequate system of review of its officers' acts of intentional or other acts of race discrimination, all of which lead to the unconstitutional and illegal deprivations of Plaintiff's rights as well as of the infliction of injury and emotional distress due to the Defendants' conduct.

181    Said inadequate system of review has failed to identify instances of:

i)    illegal discrimination on the basis of sex by its supervisory employees and/or other agents, servants and/or employees;

ii)    instances of sex discrimination by Daniel Viera and/or others;

iii)    instances of retaliation for attempted enforcement and/or assertion of the rights secured under law;

iv)    conspiracies in an attempt to deprive the above-named rights;

v)     unlawful conspiracies to cover up violations of civil rights as set

forth above;

182.    Said Defendants failed to discipline, terminate, more closely supervise, or

retrain officers, who, in fact, improperly committed the acts alleged in the foregoing

paragraph. Such failure to train was with deliberate indifference to the rights of the

Plaintiff and directly lead to constitutional and federal right violations in this case.

Further, prior to the dates of the Plaintiff's loss of rights, the Defendant permitted,

encouraged, tolerated and ratified a pattern and practice of instances of the above cited

constitutional and statutory violations so that officers routinely violated such rights.

183.    The Defendants encouraged, permitted, tolerated and ratified the patterns

of conduct set forth in the previous paragraphs in that:

a)     Defendants failed to discipline or prosecute any or in any way deal

with incidences of said practices;

b)     Defendants refused to investigate complaints of previous similar

practices, instead officially claiming that such practices were justified and proper;

c)     by means of both action and inaction and cover up of such

practices, the Defendants encouraged officers to believe that such conduct was

permissible;

d)     Defendants indeed encouraged such ignorance of written

procedures and directly encouraged the commission of the above acts;

e)     Defendants retaliated against individuals who asserted their rights

against discrimination.

184.    On information and belief, the systematic deficiencies include but are not

limited to;

a)      preparation of investigative reports designed to vindicate officers' actions which in reality were violations of constitutional and/or statutory rights.

b)      preparation of investigative reports which critically rely solely upon the word of the supervisory officers involved in the incident and which systematically fail to accredit testimony by subordinate individuals involved;

c)      preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the victims;

d)      failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence and/or which contradict such evidence;

e)      by covering up constitutional and statutory violations and "sweeping them under the carpet;"

f)      by retaliating against individuals who asserted their rights against discrimination.

185.    Defendants have consciously and/or in a grossly negligent fashion and with a reckless disregard for the rights of citizens, failed to train or retrain the officers in the fundamental law of sex discrimination, which directly lead to the Plaintiff's damages.

186.    The foregoing acts, omissions, systematic deficiencies, polices and customs of the Defendants have caused the Defendant's employees to be unaware of the rules regarding the proper relations between the sexes in a work environment, or to believe that they may illegally discriminate. Said acts, omissions and systematic deficiencies, policies and customs of the Defendants have caused Defendants' employees to believe that the above-named actions are entirely within the discretion of the officer or employee and that abuses would not be honestly and properly investigated all with the foreseeable result of the officers/employee acting as they

did in the instant case.

187.   The Defendants knew or should have known that the Defendants and other officers were routinely violating citizens' rights in the above-named fashion such that hiring and continuing the employment of said Defendants, violated the Plaintiff's civil rights as outlined herein.

188.   The Defendants by extreme and outrageous conduct intentionally and/or recklessly and/or in a grossly negligent fashion caused severe emotional distress to the Plaintiff who did, in fact, suffer distress and will in the future suffer severe emotional distress all as a result of the Defendants conduct as previously set forth herein.

189.   The above-described occurrence was extreme and outrageous and beyond all possible bounds of decency and as such will be regarded as atrocious, outrageous and utterly intolerable in a civilized community.

190.   As a direct and proximate result of the above-described occurrence, the Plaintiff suffered highly unpleasant mental reaction such as fright, horror, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, etc.

191.   The emotional distress suffered by the Plaintiff is severe such that no reasonable person could be expected to endure it given the intensity of the duress and its duration. The Plaintiff's severe emotional distress has resulted in physical manifestations thereof.

192.   As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer severe emotional distress as she has already suffered in the past.

193.   As a result of the foregoing acts, omissions, systematic deficiencies, policies and customs of the Defendants, Plaintiff has suffered deprivation of numerous constitutional and statutory rights and liberties.

194.   As a direct and proximate result of the above-described occurrence, the Plaintiff

38

has suffered all of the damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, attorneys fees and all recoverable costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

### SECOND CAUSE OF ACTION

### COUNT III

### PENNSYLVANIA HUMAN RELATIONS ACT

**Julie Solt**

**VS.**

**Daniel Slashinski, in his individual and official capacities**

195.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 194 inclusively, as though same were set forth more fully at length herein.

196.    43 P.S. § 955 provides in pertinent part as follows:

> "It shall an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership and such association or corporation, or except where based upon applicable security regulations established by the United States with the Commonwealth of Pennsylvania:
>
> (a) for any employer because of the . . . sex . . . of any individual . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment, such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions, or privileges of employment or contract, if individual or independent contractor is the best able and most competent to perform the services required. . .

(b) for any employer, employment agency or labor organization, prior to the employment, contracting with an independent contractor or admission to membership, to:
(1) elicit any information or make or keep a record of or use any form of application or application blank containing or entries concerning the . . . sex . . . of any applicant for employment or membership. . .
(d) for any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified, or assisted in any manner, in any investigation, proceeding or hearing under this act.
(e) for any person, employer, employment agency, labor organization, or employee, to aid, abet, incite, compel or coerce, the doing of any act declared by this ' to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this ' to be an unlawful discriminatory practice. . .
(j) for any person subject to the act of failed to post an exhibit prominently in his place of business, any fair practices noticed, prepared and distributed by the Pennsylvania Human Relations Commission. . .

197.    Regulations passed pursuant to 42 P.S. § 951, et seq., found that 16 PA Code § 43.1 and 43.2 provide that it is necessary for the posting and maintaining at the place of employment fair employment practices notices furnished by the Human Relations Commission indicating the substantive provisions of the Act, where complaints may be filed, etc. They further provide that the notices be posted conspicuously in easily accessible and well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the employee services are performed.

198.    The Defendants herein violated the above laws in failing to comply by posting conspicuous, easily accessible notices in well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the employee services are performed. The notices were not posted and did not contain the substantive

provisions of the Act in providing the appropriate relief that may be sought by the Plaintiff and others similarly situated.

199.    The Defendants performed all of the acts as previously alleged in violation of the Pennsylvania Human Relations Act and, therefore, in addition to the other claims, Plaintiff makes claim under the Pennsylvania Human Relations Act.

200.    As a direct and proximate result of the above described occurrence, the Plaintiff sustained all of the damages set forth within the confines of this Complaint, for which Plaintiff makes claim.

WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, plus attorney fees and litigation costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

## THIRD CAUSE OF ACTION

### COUNT I

### Title VII

### Julie Solt

### VS.

### Steven Foster, in his official capacity

201.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 200 inclusively, as though same were set forth more fully at length herein.

202.   42 U.S.C.S. Section 2000e-2(a)(1) makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals sex . . . "

203.   42 U.S.C.S. Section 2000e-2(a)(2) makes it unlawful "to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

204.   42 U.S.C.S. Section 2000e-3 provides in pertinent part as follows:

> (a) <u>Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings</u>   It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

205.   42 U.S.C.S. Section 2000e-2(d) makes it unlawful for employer involved with training to discriminate on the basis of sex.

206.   42 U.S.C.S. Section 2000e-2(m) states that "except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."

207.   29 C.F.R. Section 1604.11 defines illegal sexual harassment to include unwelcome sexual advances or other verbal or physical conduct of a sexual nature when : (1)

submission to such conduct is made whether explicitly or implicitly a term or condition of

employment; (2) submission to or rejection of such conduct by an individual is used as a basis

for employment decisions affecting such individual; (3) such conduct has the purpose or effect of

unreasonably interfering with an individual's work performance or creating an intimidating,

hostile or offensive working environment.

208.    The defendant did make unwelcome sexual discourse upon the Plaintiff and

sexual discrimination constituting sexual harassment under Title VII, and specifically 29 C.F.R.

Section 1604.11, et al.

209.    The defendants did engage in verbal and/or physical conduct of a sexual nature:

(1) making submission to such conduct either explicitly or implicitly a term or condition of

employment; (2) because submission to or rejection of such conduct by an individual was used as

a basis for employment decisions affecting the Plaintiff; (3) because such conduct had the

purpose or effect of unreasonably interfering with the Plaintiff's work performance and/or created

an  intimidating, hostile and/or offensive working environment.

210.    The Defendant did make submission to the above referenced conduct a term and

condition of employment.

211.    Defendants made Plaintiff's working conditions intolerable as a result of the

illegal activities described herein, and Plaintiff's gender was a motivating factor in Defendant's

actions. Working conditions were so difficult or unpleasant that a reasonable person in Plaintiff's

shoes would have felt compelled to refuse to work under them. Defendant intentionally created

an intolerable work atmosphere that forced Plaintiff to refuse to work under such conditions.

Plaintiff's refusal/inability to work under such conditions was a reasonably foreseeable result of

Defendant's actions.

212.    Sex was a determining factor and/or substantial role in Defendants' decisions and

43

defendants' actions and Defendants would not have engaged in the conduct but for Plaintiff's sex.

213.   Plaintiff was engaged in a "protected activity," in that she opposed a discriminatory practice, and testified, assisted, or participated in an investigation regarding a charge of discrimination, protested the existence of sexual harassment to the employer and/or to a government agency charged with enforcement of employment discrimination laws.

214.   Plaintiff suffered an "adverse employment action", including the fact that she was constructively discharged as a result of the Plaintiff's resisting the discriminatory actions.

215.   Defendants acted out of a sexually discriminatory and/or retaliatory motive in taking the adverse employment action.

216.   Plaintiff had and has a reasonable basis for believing that Defendant's conduct was discriminatory.

217.   The Defendant acquiesced in harassment by coworkers and knew of the harassment and failed to act promptly to take action reasonably likely to remedy the harassment and prevent future episodes.

218.   Plaintiff claims that she was treated differently, based on her sex, through sexual harassment with the knowledge, acquiescence and/or encouragement of the employer. The Defendant subjected the Plaintiff to unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature which altered the terms and conditions of her employment.

219.   Defendant, employer, intentionally discriminated against Plaintiff on the basis of gender. Defendant discriminated against Plaintiff in connection with compensation or terms, conditions, or privileges of employment; and/or limited, segregated, or classified Plaintiff for employment in a manner that deprived or, tended to deprive Plaintiff of employment opportunities or otherwise adversely affected the status of Plaintiff as an employee.

220.   The offensive conduct was so severe and pervasive that it has the purpose or

44

effect of unreasonably interfering with the employee's work performance and of creating an intimidating, hostile, or offensive work environment. Plaintiff's reactions to same were as a reasonable person's reactions would have been to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

221.    Defendant through its supervisory or higher employees used Plaintiff's acceptance of the sexual harassment and hostile work conditions as the basis for a decision affecting the compensation, terms, conditions, or privileges of her job and in constructively discharging her. Plaintiff's tangible job benefits or privileges were conditioned on her submission.

222.    The conduct complained of was "unwelcome" in that Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

223.    The alleged conduct was based on sex, that is, but for the fact of her sex, Plaintiff would not have been the object of harassment; and the alleged conduct affected a term, condition, or privilege of employment, that is, the sexual harassment was so sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive or hostile working environment.

224.    Defendant knew or reasonably should have known of sexual harassment of Plaintiff, and failed to take prompt remedial action.

225.    Defendant failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior.

226.    Plaintiff did not unreasonably fail to take advantage of any preventative or corrective opportunities  provided by Defendant or to avoid harm otherwise.

227.    The environment was sexually objectionable both objectively and subjectively offensive, and one that a reasonable person would find hostile or abusive, and one that Plaintiff did in fact perceive to be so.

45

228.    The conduct described above was physically threatening or humiliating and/or unreasonably interfered with Plaintiff's work performance.

229.    The Defendants and successively higher authority had the power to effectuate a tangible employment action.

230.    Defendants, Monroe Correctional Facility and/or County of Monroe, failed to have an adequate sexual harassment policy, and/or failed to enforce that policy, and/or failed to appropriately train employees about sexual harassment, and/or failed to appropriately investigate claims of sexual harassment, and/or appropriately discipline employees who engaged in sexual harassment.

231.    The Defendant did violate Title VII and its various provisions. The defendants established a pattern of violations which was of a continuing nature until the time she was constructively terminated.

232.    42 U.S.C.S. Section 2000e-5 provides the Plaintiff with a private right of action for the above cited violations for which the Plaintiff brings the instant cause of action.

233.    42 U.S.C.S. Section 1981 and particularly Section 1977A gives the Plaintiff the following remedies which Plaintiff claims in this case:  (1) Compensatory damages;  (2) Punitive damages;  (3) Right to trial by jury.

234.    As a direct and proximate result of the above-described occurrence, the Plaintiff has sustained all of the damages set forth within the confines of this Complaint.

235.    Each of the above-cited actions constitutes a discriminatory practice.

236.    The Defendant perpetrated the above discriminatory practices with malice, intentionally and/or with reckless indifference to the federally protected rights of the Plaintiff. The defendants' conduct was outrageous and the Defendant acted with a bad motive with reckless indifference to the interests of the  Plaintiff.

237.   Plaintiff claims entitlement to punitive damages.

238.   42 U.S.C.S. Section 1988 and 42 U.S.C.S. Section 2000e-5(k) provide for the awarding to Plaintiff of attorney's fees and Plaintiff hereby demands entitlement thereto.

239.   42 U.S.C.S. Section 2000e-5 provides for reimbursement to Plaintiff of expert fees which Plaintiff hereby demands.

240.   42 U.S.C.S. Section 2000e-2 and e-5 provide for the Plaintiff to recover the costs of litigation to which Plaintiff hereby makes claim.

241.   The Defendants, Monroe County Correctional Facility and/or Monroe County, have had more than 15 employees in 20 or more calendar weeks.

242.   Plaintiff brings the within action under 42 U.S.C.A. Sections 2000e to 2000e-15 [hereinafter Title VII]. Title VII, Section 703(a) states that it is an "unlawful employment practice" for a State employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Section 703(a)(2) forbids limiting the employment "opportunities" of an applicant or incumbent employee on any of the same grounds. Section 704(a) prohibits retaliation against the Plaintiff for opposing discriminatory practices and/or for attempting to enforce her rights against discrimination on the basis of sex.

243.   The Defendants actions as stated herein have violated the Plaintiff's rights guaranteed by the above-referenced statutes.

244.   As a direct and proximate result of the above described occurrence, the Plaintiff has sustained all of the damages set forth within the confines of this Complaint.

245.   Plaintiff requests injunctive relief in the form of reinstatement without discrimination, back pay and front pay, compensatory and punitive damages, expert and other

litigation costs as well as attorney fees, as well as all other remedies that the Court deems just.

WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, plus attorney fees and litigation costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.

## THIRD CAUSE OF ACTION

## COUNT II

### Section 1983, 1985, 1986 and 1988

**Julie Solt**

**VS.**

**Steven Foster, in his individual and official capacities**

246.   Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 245 inclusively, as though same were set forth more fully at length herein.

247.   At all times mentioned herein, the Defendant was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations and policies, customs and uses of the Commonwealth of Pennsylvania, the County of Monroe.

248.   The Monroe County Correctional Facility and/or the County of Monroe are public bodies organized and existing under the laws of the Commonwealth of Pennsylvania in the County of Monroe with its principal offices located as set forth above.

249.    The Plaintiff alleges that the Defendant under color of law violated and conspired to violate certain rights guaranteed by United States Constitution by wantonly, purposefully and without just cause sexually harassing the Plaintiff and retaliating against her and otherwise discriminating against her and by invading her rights to privacy and by the other unlawful actions as described above.  This cause of action is brought pursuant to 42 U.S.C.S. Section 1983, 1985 and 1988 and the first, and fourteenth amendments and the penumbral privacy rights of the United States Constitution.  This action is also brought under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

250.    42 USCA Section 1983 provides as follows:

> The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

251.    The Fourteenth Amendment to the Constitution of the United States provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

252.    The Defendant, was a "State actor," and was acting under "color of state law."

253.    The Defendant is a "person" subject to suit.

254.    The Defendant violated the Plaintiff's clearly established constitutional and statutory right as set forth in this Complaint. The Defendant also violated Plaintiff's Constitutional right to access to the Courts.

255.    The Plaintiff was denied equal protection of the laws in violation of the Fourteenth Amendment by the intentional discrimination as set forth herein.

256.    The Defendant violated 42 USCA Section 1986 by having knowledge of the wrongs conspired to be done and having the power to prevent the commission of same neglected and/or refused to do so. The Defendant is liable to the Plaintiff for having failed to prevent such act which he through the exercise of reasonable diligence could have prevented. The defendant knew of the conspiracy and despite the power to prevent the same or aid in its prevention, failed to do so, resulting in Plaintiff's damages.

257.    Plaintiff makes claim for the damages recoverable under Section 1988.

258.    The discrimination described above has been intentional, reckless, grossly negligent and/or negligent. Further, there existed a conspiracy to violate the Plaintiff's rights in violation of Sections 1985 and 1986.

259.    Daniel Viera and/or others had a history of sex discrimination, and in spite of said history which was known and/or should have been known by the Defendants, he was allowed to continue in his position without adequate means to prevent the discrimination which the Plaintiff suffered.

260.    The Defendant has maintained an inadequate system of review of its officers' acts of intentional or other acts of race discrimination, all of which lead to the unconstitutional and illegal deprivations of Plaintiff's rights as well as of the infliction of injury and emotional distress due to the Defendants' conduct.

261    Said inadequate system of review has failed to identify instances of:

i)    illegal discrimination on the basis of sex by its supervisory employees and/or other agents, servants and/or employees;

ii)    instances of sex discrimination by Daniel Viera and/or others;

iii)    instances of retaliation for attempted enforcement and/or assertion of the rights secured under law;

iv)    conspiracies in an attempt to deprive the above-named rights;

v)    unlawful conspiracies to cover up violations of civil rights as set forth above;

262.    Said Defendants failed to discipline, terminate, more closely supervise, or retrain officers, who, in fact, improperly committed the acts alleged in the foregoing paragraph. Such failure to train was with deliberate indifference to the rights of the Plaintiff and directly lead to constitutional and federal right violations in this case. Further, prior to the dates of the Plaintiff's loss of rights, the Defendant permitted, encouraged, tolerated and ratified a pattern and practice of instances of the above cited constitutional and statutory violations so that officers routinely violated such rights.

263.    The Defendants encouraged, permitted, tolerated and ratified the patterns of conduct set forth in the previous paragraphs in that:

a)    Defendants failed to discipline or prosecute any or in any way deal with incidences of said practices;

b)    Defendants refused to investigate complaints of previous similar practices, instead officially claiming that such practices were justified and proper;

c)    by means of both action and inaction and cover up of such practices, the Defendants encouraged officers to believe that such conduct was

51

permissible;

        d)      Defendants indeed encouraged such ignorance of written procedures and directly encouraged the commission of the above acts;

        e)      Defendants retaliated against individuals who asserted their rights against discrimination.

264.    On information and belief, the systematic deficiencies include but are not limited to;

        a)      preparation of investigative reports designed to vindicate officers' actions which in reality were violations of constitutional and/or statutory rights.

        b)      preparation of investigative reports which critically rely solely upon the word of the supervisory officers involved in the incident and which systematically fail to accredit testimony by subordinate individuals involved;

        c)      preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the victims;

        d)      failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence and/or which contradict such evidence;

        e)      by covering up constitutional and statutory violations and "sweeping them under the carpet;"

        f)      by retaliating against individuals who asserted their rights against discrimination.

265.    Defendants have consciously and/or in a grossly negligent fashion and with a reckless disregard for the rights of citizens, failed to train or retrain the officers in the fundamental law of sex discrimination, which directly lead to the Plaintiff's damages.

266.    The foregoing acts, omissions, systematic deficiencies, polices and customs of the Defendants have caused the Defendant's employees to be unaware of the rules regarding the proper relations between the sexes in a work environment, or to believe that they may illegally discriminate. Said acts, omissions and systematic deficiencies, policies and customs of the Defendants have caused Defendants' employees to believe that the above-named actions are entirely within the discretion of the officer or employee and that abuses would not be honestly and properly investigated all with the foreseeable result of the officers/employee acting as they did in the instant case.

267.    The Defendants knew or should have known that the Defendants and other officers were routinely violating citizens' rights in the above-named fashion such that hiring and continuing the employment of said Defendants, violated the Plaintiff's civil rights as outlined herein.

268.    The Defendants by extreme and outrageous conduct intentionally and/or recklessly and/or in a grossly negligent fashion caused severe emotional distress to the Plaintiff who did, in fact, suffer distress and will in the future suffer severe emotional distress all as a result of the Defendants conduct as previously set forth herein.

269.    The above-described occurrence was extreme and outrageous and beyond all possible bounds of decency and as such will be regarded as atrocious, outrageous and utterly intolerable in a civilized community.

270.    As a direct and proximate result of the above-described occurrence, the Plaintiff suffered highly unpleasant mental reaction such as fright, horror, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, anxiety, etc.

271.    The emotional distress suffered by the Plaintiff is severe such that no reasonable person could be expected to endure it given the intensity of the duress and its duration. The

Plaintiff's severe emotional distress has resulted in physical manifestations thereof.

272.    As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer severe emotional distress as she has already suffered in the past.

273.    As a result of the foregoing acts, omissions, systematic deficiencies, policies and customs of the Defendants, Plaintiff has suffered deprivation of numerous constitutional and statutory rights and liberties.

274.    As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered all of the damages set forth in this Complaint.


WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, attorneys fees and all recoverable costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.


## THIRD CAUSE OF ACTION

### COUNT III

## PENNSYLVANIA HUMAN RELATIONS ACT

**Julie Solt**

**VS.**

**Steven Foster, in his individual and official capacities**

275.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 274 inclusively, as though same were set forth more fully at length herein.

276.    43 P.S. § 955 provides in pertinent part as follows:

54

"It shall an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership and such association or corporation, or except where based upon applicable security regulations established by the United States with the Commonwealth of Pennsylvania:

(a) for any employer because of the . . . sex . . . of any individual . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment, such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions, or privileges of employment or contract, if individual or independent contractor is the best able and most competent to perform the services required. . .

(b) for any employer, employment agency or labor organization, prior to the employment, contracting with an independent contractor or admission to membership, to:
(1) elicit any information or make or keep a record of or use any form of application or application blank containing or entries concerning the . . . sex . . . of any applicant for employment or membership. . .
(d) for any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified, or assisted in any manner, in any investigation, proceeding or hearing under this act.
(e) for any person, employer, employment agency, labor organization, or employee, to aid, abet, incite, compel or coerce, the doing of any act declared by this ' to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this ' to be an unlawful discriminatory practice. . .
(j) for any person subject to the act of failed to post an exhibit prominently in his place of business, any fair practices noticed, prepared and distributed by the Pennsylvania Human Relations Commission. . .

277.    Regulations passed pursuant to 42 P.S. § 951, et seq., found that 16 PA Code § 43.1 and 43.2 provide that it is necessary for the posting and maintaining at the place of employment fair employment practices notices furnished by the Human Relations Commission

indicating the substantive provisions of the Act, where complaints may be filed, etc. They

further provide that the notices be posted conspicuously in easily accessible and well-lighted

places customarily frequented by employees and applicants for employment and at or near each

location where the employee services are performed.

278.    The Defendants herein violated the above laws in failing to comply by posting

conspicuous, easily accessible notices in well-lighted places customarily frequented by

employees and applicants for employment and at or near each location where the employee

services are performed. The notices were not posted and did not contain the substantive

provisions of the Act in providing the appropriate relief that may be sought by the Plaintiff and

others similarly situated.

279.    The Defendants performed all of the acts as previously alleged in violation of the

Pennsylvania Human Relations Act and, therefore, in addition to the other claims, Plaintiff

makes claim under the Pennsylvania Human Relations Act.

280.    As a direct and proximate result of the above described occurrence, the Plaintiff

sustained all of the damages set forth within the confines of this Complaint, for which Plaintiff

makes claim.


WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate

equitable relief, compensatory and punitive damages, plus attorney fees and litigation costs for a

sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory

arbitration limits.

## FOURTH CAUSE OF ACTION

### COUNT I

### Title VII

**Julie Solt**

**VS.**

**Monroe Correctional Facility and Monroe County**

281.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 280 inclusively, as though same were set forth more fully at length herein.

282.    42 U.S.C.S. Section 2000e-2(a)(1) makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals sex . . . "

283.    42 U.S.C.S. Section 2000e-2(a)(2) makes it unlawful "to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

284.    42 U.S.C.S. Section 2000e-3 provides in pertinent part as follows:

> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings    It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

285.    42 U.S.C.S. Section 2000e-2(d) makes it unlawful for employer involved with training to discriminate on the basis of sex.

286.    42 U.S.C.S. Section 2000e-2(m) states that "except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."

287.    29 C.F.R. Section 1604.11 defines illegal sexual harassment to include unwelcome sexual advances or other verbal or physical conduct of a sexual nature when : (1) submission to such conduct is made whether explicitly or implicitly a term or condition of employment; (2) submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual; (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

288.    The defendant did make unwelcome sexual discourse upon the Plaintiff and sexual discrimination constituting sexual harassment under Title VII, and specifically 29 C.F.R. Section 1604.11, et al.

289.    The defendants did engage in verbal and/or physical conduct of a sexual nature: (1) making submission to such conduct either explicitly or implicitly a term or condition of employment; (2) because submission to or rejection of such conduct by an individual was used as a basis for employment decisions affecting the Plaintiff; (3) because such conduct had the purpose or effect of unreasonably interfering with the Plaintiff's work performance and/or created an intimidating, hostile and/or offensive working environment.

290.    The Defendant did make submission to the above referenced conduct a term and

condition of employment.

291.   Defendants made Plaintiff's working conditions intolerable as a result of the illegal activities described herein, and Plaintiff's gender was a motivating factor in Defendant's actions. Working conditions were so difficult or unpleasant that a reasonable person in Plaintiff's shoes would have felt compelled to refuse to work under them.  Defendant intentionally created an intolerable work atmosphere that forced Plaintiff to refuse to work under such conditions. Plaintiff's refusal/inability to work under such conditions was a reasonably foreseeable result of Defendant's actions.

292.   Sex was a determining factor and/or substantial role in Defendants' decisions and defendants' actions and Defendants would not have engaged in the conduct but for Plaintiff's sex.

293.   Plaintiff was engaged in a "protected activity," in that she opposed a discriminatory practice, and testified, assisted, or participated in an investigation regarding a charge of discrimination, protested the existence of sexual harassment to the employer and/or to a government agency charged with enforcement of employment discrimination laws.

294.   Plaintiff suffered an "adverse employment action", including the fact that she was constructively discharged as a result of the Plaintiff's resisting the discriminatory actions.

295.   Defendants acted out of a sexually discriminatory and/or retaliatory motive in taking the adverse employment action.

296.   Plaintiff had and has a reasonable basis for believing that Defendant's conduct was discriminatory.

297.   The Defendant acquiesced in harassment by coworkers and knew of the harassment and failed to act promptly to take action reasonably likely to remedy the harassment and prevent future episodes.

298.   Plaintiff claims that she was treated differently, based on her sex, through sexual

harassment with the knowledge, acquiescence and/or encouragement of the employer. The Defendant subjected the Plaintiff to unwelcome sexual advances and/or other verbal or physical conduct of a sexual nature which altered the terms and conditions of her employment.

299.    Defendant, employer, intentionally discriminated against Plaintiff on the basis of gender. Defendant discriminated against Plaintiff in connection with compensation or terms, conditions, or privileges of employment; and/or limited, segregated, or classified Plaintiff for employment in a manner that deprived or, tended to deprive Plaintiff of employment opportunities or otherwise adversely affected the status of Plaintiff as an employee.

300.    The offensive conduct was so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating an intimidating, hostile, or offensive work environment.  Plaintiff's reactions to same were as a reasonable person's reactions would have been to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

301.    Defendant through its supervisory or higher employees used Plaintiff's acceptance of the sexual harassment and hostile work conditions as the basis for a decision affecting the compensation, terms, conditions, or privileges of her job and in constructively discharging her. Plaintiff's tangible job benefits or privileges were conditioned on her submission.

302.    The conduct complained of was "unwelcome" in that Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

303.    The alleged conduct was based on sex, that is, but for the fact of her sex, Plaintiff would not have been the object of harassment; and the alleged conduct affected a term, condition, or privilege of employment, that is, the sexual harassment was so sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive or hostile working environment.

304.    Defendant knew or reasonably should have known of sexual harassment of Plaintiff, and failed to take prompt remedial action.

305.    Defendant failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior.

306.    Plaintiff did not unreasonably fail to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

307.    The environment was sexually objectionable both objectively and subjectively offensive, and one that a reasonable person would find hostile or abusive, and one that Plaintiff did in fact perceive to be so.

308.    The conduct described above was physically threatening or humiliating and/or unreasonably interfered with Plaintiff's work performance.

309.    The Defendants and successively higher authority had the power to effectuate a tangible employment action.

310.    Defendants, Monroe Correctional Facility and/or County of Monroe, failed to have an adequate sexual harassment policy, and/or failed to enforce that policy, and/or failed to appropriately train employees about sexual harassment, and/or failed to appropriately investigate claims of sexual harassment, and/or appropriately discipline employees who engaged in sexual harassment.

311.    The Defendant did violate Title VII and its various provisions. The defendants established a pattern of violations, which was of a continuing nature until the time she was constructively terminated.

312.    42 U.S.C.S. Section 2000e-5 provides the Plaintiff with a private right of action for the above cited violations for which the Plaintiff brings the instant cause of action.

313.    42 U.S.C.S. Section 1981 and particularly Section 1977A gives the Plaintiff the

following remedies which Plaintiff claims in this case: (1) Compensatory damages; (2)

Punitive damages; (3) Right to trial by jury.

314.    As a direct and proximate result of the above-described occurrence, the Plaintiff

has sustained all of the damages set forth within the confines of this Complaint.

315.    Each of the above-cited actions constitutes a discriminatory practice.

316.    The Defendant perpetrated the above discriminatory practices with malice,

intentionally and/or with reckless indifference to the federally protected rights of the Plaintiff.

The defendants' conduct was outrageous and the Defendant acted with a bad motive with

reckless indifference to the interests of the  Plaintiff.

317.    Plaintiff claims entitlement to punitive damages.

318.    42 U.S.C.S. Section 1988 and 42 U.S.C.S. Section 2000e-5(k) provide for the

awarding to Plaintiff of attorney's fees and Plaintiff hereby demands entitlement thereto.

319.    42 U.S.C.S. Section 2000e-5 provides for reimbursement to Plaintiff of expert

fees which Plaintiff hereby demands.

320.    42 U.S.C.S. Section 2000e-2 and e-5 provide for the Plaintiff to recover the costs

of litigation to which Plaintiff hereby makes claim.

321.    The Defendants, Monroe County Correctional Facility and/or Monroe County,

have had more than 15 employees in 20 or more calendar weeks.

322.    Plaintiff brings the within action under 42 U.S.C.A. Sections 2000e to 2000e-15

[hereinafter Title VII]. Title VII, Section 703(a) states that it is an "unlawful employment

practice" for a State employer "to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms,

conditions or privileges of employment, because of such individual's race, color, religion, sex, or

national origin." Section 703(a)(2) forbids limiting the employment "opportunities" of an

applicant or incumbent employee on any of the same grounds. Section 704(a) prohibits

retaliation against the Plaintiff for opposing discriminatory practices and/or for attempting to

enforce her rights against discrimination on the basis of sex.

323.   The Defendants actions as stated herein have violated the Plaintiff's rights

guaranteed by the above-referenced statutes.

324.   As a direct and proximate result of the above described occurrence, the Plaintiff

has sustained all of the damages set forth within the confines of this Complaint.

325.   Plaintiff requests injunctive relief in the form of reinstatement without

discrimination, back pay and front pay, compensatory and punitive damages, expert and other

litigation costs as well as attorney fees, as well as all other remedies that the Court deems just.


WHEREFORE, Plaintiff demands judgment against the Defendants for

appropriate equitable relief, compensatory and punitive damages, plus attorney fees and

litigation costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in

excess of the compulsory arbitration limits.


### FOURTH CAUSE OF ACTION

### COUNT II

### Section 1983, 1985, 1986 and 1988

### Julie Solt

### VS.

### Monroe Correctional Facility and Monroe County

326.   Plaintiff incorporates by reference all the allegations contained in

paragraphs 1 through 325 inclusively, as though same were set forth more fully at length herein.

327.    At all times mentioned herein, the Defendant was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations and policies, customs and uses of the Commonwealth of Pennsylvania, the County of Monroe.

328.    The Monroe County Correctional Facility and/or the County of Monroe are public bodies organized and existing under the laws of the Commonwealth of Pennsylvania in the County of Monroe with its principal offices located as set forth above.

329.    The Plaintiff alleges that the Defendant under color of law violated and conspired to violate certain rights guaranteed by United States Constitution by wantonly, purposefully and without just cause sexually harassing the Plaintiff and retaliating against her and otherwise discriminating against her and by invading her rights to privacy and by the other unlawful actions as described above.  This cause of action is brought pursuant to 42 U.S.C.S. Section 1983, 1985 and 1988 and the first, and fourteenth amendments and the penumbral privacy rights of the United States Constitution.  This action is also brought under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

330.    42 USCA Section 1983 provides as follows:

> The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the

jurisdiction of the United States.

331.    The Fourteenth Amendment to the Constitution of the United States provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

332.    The Defendant, was a "State actor," and was acting under "color of state law."

333.    The Defendant is a "person" subject to suit.

334.    The Defendant violated the Plaintiff's clearly established constitutional and statutory right as set forth in this Complaint. The Defendant also violated Plaintiff's Constitutional right to access to the Courts.

335.    The Plaintiff was denied equal protection of the laws in violation of the Fourteenth Amendment by the intentional discrimination as set forth herein.

336.    The Defendant violated 42 USCA Section 1986 by having knowledge of the wrongs conspired to be done and having the power to prevent the commission of same neglected and/or refused to do so. The Defendant is liable to the Plaintiff for having failed to prevent such act which he through the exercise of reasonable diligence could have prevented. The defendant knew of the conspiracy and despite the power to prevent the same or aid in its prevention, failed to do so, resulting in Plaintiff's damages.

337.    Plaintiff makes claim for the damages recoverable under Section 1988.

338.    The discrimination described above has been intentional, reckless, grossly negligent and/or negligent. Further, there existed a conspiracy to violate the Plaintiff's

rights in violation of Sections 1985 and 1986.

339.   Daniel Viera and/or others had a history of sex discrimination, and in spite of said history which was known and/or should have been known by the Defendants, he was allowed to continue in his position without adequate means to prevent the discrimination which the Plaintiff suffered.

340.   The Defendant has maintained an inadequate system of review of its officers' acts of intentional or other acts of race discrimination, all of which lead to the unconstitutional and illegal deprivations of Plaintiff's rights as well as of the infliction of injury and emotional distress due to the Defendants' conduct.

341   Said inadequate system of review has failed to identify instances of:

i)   illegal discrimination on the basis of sex by its supervisory employees and/or other agents, servants and/or employees;

ii)   instances of sex discrimination by Daniel Viera and/or others;

iii)   instances of retaliation for attempted enforcement and/or assertion of the rights secured under law;

iv)   conspiracies in an attempt to deprive the above-named rights;

v)   unlawful conspiracies to cover up violations of civil rights as set forth above;

342.   Said Defendants failed to discipline, terminate, more closely supervise, or retrain officers, who, in fact, improperly committed the acts alleged in the foregoing paragraph. Such failure to train was with deliberate indifference to the rights of the Plaintiff and directly lead to constitutional and federal right violations in this case. Further, prior to the dates of the Plaintiff's loss of rights, the Defendant permitted, encouraged, tolerated and ratified a pattern and practice of instances of the above cited

constitutional and statutory violations so that officers routinely violated such rights.

343. The Defendants encouraged, permitted, tolerated and ratified the patterns of conduct set forth in the previous paragraphs in that:

a)   Defendants failed to discipline or prosecute any or in any way deal with incidences of said practices;

b)   Defendants refused to investigate complaints of previous similar practices, instead officially claiming that such practices were justified and proper;

c)   by means of both action and inaction and cover up of such practices, the Defendants encouraged officers to believe that such conduct was permissible;

d)   Defendants indeed encouraged such ignorance of written procedures and directly encouraged the commission of the above acts;

e)   Defendants retaliated against individuals who asserted their rights against discrimination.

344. On information and belief, the systematic deficiencies include but are not limited to;

a)   preparation of investigative reports designed to vindicate officers' actions which in reality were violations of constitutional and/or statutory rights.

b)   preparation of investigative reports which critically rely solely upon the word of the supervisory officers involved in the incident and which systematically fail to accredit testimony by subordinate individuals involved;

c)   preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the victims;

d)   failure to review investigative reports by responsible superior

officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence and/or which contradict such evidence;

     e)     by covering up constitutional and statutory violations and "sweeping them under the carpet;"

     f)     by retaliating against individuals who asserted their rights against discrimination.

     345.     The actions alleged above deprive the Plaintiff of the following rights of the United States Constitution:

     a) freedom from the right to be free from sexual discrimination and harassment by defendants.

     b) the right to equal protection of the laws;

     c) the right to due process of law;

     d) the right of access to the courts;

     e) the right to privacy;

     f) rights to be free from sex discrimination guaranteed under Title VII;

     g) to be free from conspiratorial interference with civil rights;

     h) right under other federal statutes.

     346.     Said Defendant failed to discipline, terminate, more closely supervise, or retrain officers, who, in fact, improperly committed the acts alleged in the foregoing paragraph. Such failure to train was with deliberate indifference to the rights of the Plaintiff and directly lead to constitutional and federal right violations in this case. Further, prior to the dates of the Plaintiff's loss of rights, the Defendant permitted, encouraged, tolerated and ratified a pattern and practice of instances of the above cited constitutional and statutory violations so that officers routinely violated such rights.

347. Defendants have consciously and/or in a grossly negligent fashion and with a reckless disregard for the rights of citizens, failed to train or retrain the officers in the fundamental law of sex discrimination, which directly lead to the Plaintiff's damages.

348. The foregoing acts, omissions, systematic deficiencies, polices and customs of the Defendants have caused the Defendant's employees to be unaware of the rules regarding the proper relations between the sexes in a work environment, or to believe that they may illegally discriminate. Said acts, omissions and systematic deficiencies, policies and customs of the Defendants have caused Defendants' employees to believe that the above-named actions are entirely within the discretion of the officer or employee and that abuses would not be honestly and properly investigated all with the foreseeable result of the officers/employee acting as they did in the instant case.

349. The Defendants knew or should have known that the Defendants and other officers were routinely violating citizens' rights in the above-named fashion such that hiring and continuing the employment of said Defendants, violated the Plaintiff's civil rights as outlined herein.

350. The Defendants by extreme and outrageous conduct intentionally and/or recklessly and/or in a grossly negligent fashion caused severe emotional distress to the Plaintiff who did, in fact, suffer distress and will in the future suffer severe emotional distress all as a result of the Defendants conduct as previously set forth herein.

351. The above-described occurrence was extreme and outrageous and beyond all possible bounds of decency and as such will be regarded as atrocious, outrageous and utterly intolerable in a civilized community.

352. As a direct and proximate result of the above-described occurrence, the Plaintiff suffered highly unpleasant mental reaction such as fright, horror, shame, humiliation,

embarrassment, anger, chagrin, disappointment, worry, anxiety, etc.

353.    The emotional distress suffered by the Plaintiff is severe such that no reasonable person could be expected to endure it given the intensity of the duress and its duration. The Plaintiff's severe emotional distress has resulted in physical manifestations thereof.

354.    As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, suffer severe emotional distress as she has already suffered in the past.

355.    As a result of the foregoing acts, omissions, systematic deficiencies, policies and customs of the Defendants, Plaintiff has suffered deprivation of numerous constitutional and statutory rights and liberties.

356.    As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered all of the damages set forth in this Complaint.


WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, attorneys fees and all recoverable costs for a sum in excess of One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.


## FIRST CAUSE OF ACTION

## COUNT III

## PENNSYLVANIA HUMAN RELATIONS ACT

### Julie Solt

### VS.

### Monroe Correctional Facility and Monroe County

357.    Plaintiff incorporates by reference all the allegations contained in paragraphs 1

through 356 inclusively, as though same were set forth more fully at length herein.

358.   43 P.S. § 953 provides that the opportunity for an individual to obtain

employment for which she is qualified . . . without discrimination because of . . . sex . . . is

recognized as and declared as a civil right which is enforceable under the Human Relations Act.

359.   43 P.S. § 955 provides in pertinent part as follows:

> "It shall an unlawful discriminatory practice, unless based upon a
> bona fide occupational qualification, or in the case of a fraternal
> corporation or association, unless based upon membership and
> such association or corporation, or except where based upon
> applicable security regulations established by the United States
> with the Commonwealth of Pennsylvania:

> (a) for any employer because of the . . . sex . . . of any
> individual . . . to refuse to hire or employ or contract with, or to bar
> or to discharge from employment, such individual or independent
> contractor, or to otherwise discriminate against such individual or
> independent contractor with respect to compensation, hire, tenure,
> terms, conditions, or privileges of employment or contract, if
> individual or independent contractor is the best able and most
> competent to perform the services required. . .

> (b) for any employer, employment agency or labor
> organization, prior to the employment, contracting with an
> independent contractor or admission to membership, to:
> (1) elicit any information or make or keep a record of or
> use any form of application or application blank containing or
> entries concerning the . . . sex . . . of any applicant for employment
> or membership. . .
> (d) for any person, employer, employment agency or labor
> organization to discriminate in any manner against any individual
> because such individual has opposed any practice forbidden by this
> act, or because such individual has made a charge, testified, or
> assisted in any manner, in any investigation, proceeding or hearing
> under this act.
> (e) for any person, employer, employment agency, labor
> organization, or employee, to aid, abet, incite, compel or coerce,
> the doing of any act declared by this ' to be an unlawful
> discriminatory practice, or to obstruct or prevent any person from
> complying with the provisions of this act or any order issued
> thereunder, or to attempt, directly or indirectly, to commit any act
> declared by this ' to be an unlawful discriminatory practice. . .
> (j) for any person subject to the act of failed to post an

71

exhibit prominently in his place of business, any fair practices noticed, prepared and distributed by the Pennsylvania Human Relations Commission. . .

360.    Regulations passed pursuant to 42 P.S. § 951, et seq., found that 16 PA Code § 43.1 and 43.2 provide that it is necessary for the posting and maintaining at the place of employment fair employment practices notices furnished by the Human Relations Commission indicating the substantive provisions of the Act, where complaints may be filed, etc. They further provide that the notices be posted conspicuously in easily accessible and well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the employee services are performed.

361.    The Defendants herein violated the above laws in failing to comply by posting conspicuous, easily accessible notices in well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the employee services are performed. The notices were not posted and did not contain the substantive provisions of the Act in providing the appropriate relief that may be sought by the Plaintiff and others similarly situated.

362.    The Defendants performed all of the acts as previously alleged in violation of the Pennsylvania Human Relations Act, including but not limited to §5 thereof, and, therefore, in addition to the other claims, Plaintiff makes claim under the Pennsylvania Human Relations Act.

363.    As a direct and proximate result of the above described occurrence, the Plaintiff sustained all of the damages set forth within the confines of this Complaint, for which Plaintiff makes claim.


WHEREFORE, Plaintiff demands judgment against the Defendants for appropriate equitable relief, compensatory and punitive damages, plus attorney fees and litigation costs and

all remedies available under §9 of the Pennsylvania Human Relations Act, for a sum in excess of

One Hundred Thousand ($100,000) Dollars and in excess of the compulsory arbitration limits.


Respectfully Submitted,

Michael A. Snover, Esq.
Attorney ID# 49786
101 S. Third Street
Second Floor
Easton, PA 18042
(610) 923-7701

Attorney for the Plaintiff, Julie Solt

Filling fee $150.00

3/25/04

Thu Mar 25 18:04:08 2004

UNITED STATES DISTRICT COURT

PHILADELPHIA   , PA

Receipt No.   400 303399
Cashier        stevet

Check Number: 7111

DO Code     Div No
   4666        1

Sub Acct Type Tender        Amount
1:510000  N      2           90.00
2:086900  N      2           60.00

Total Amount        $       150.00

MICHAEL A. SNOVER

04-CV-1278

cn

Thu Mar 25 18:04:08 2004

Check No.  7111
Amount   150.00

04 - cv - 1278
Solt v. Monroe County, et al.

JS 44 (Rev. 3/99) **CIVIL COVER SHEET** BMS DU 1278

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JULIE SOLT

**DEFENDANTS**

MONROE COUNTY CORRECTIONAL FACILITY; COUNTY OF MONROE; DANIEL VIERA, in his Indiv. and Official Capacities; DANIEL SLASHINSKI, in his Indiv. and Official Capacities; and STEVEN FOSTER, in his Indiv. and Official Capacities

**(b)** County of Residence of First Listed Plaintiff Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Monroe
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael A. Snover, Esquire
101 S. Third Street, 2nd Floor
Easton, PA  18042
(610) 923-7701

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) / ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title VII Sexual Harassment/Discrimination with Pendant State Law Claims

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

MAR 2 4 2004

**VIII. RELATED CASE(S) IF ANY** (See instructions): N/A
JUDGE
DOCKET NUMBER

DATE 3/23/04

SIGNATURE OF ATTORNEY OF RECORD *Michael A. Snover*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**   UfcU1278

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: R.D. #3, Box 672, Apt. A, Kunkletown, Monroe County, PA  18018

Address of Defendant: 4250 Manor Drive, Stroudsburg, Monroe County, PA  18360-9415

Place of Accident, Incident or Transaction: 4250 Manor Drive, Stroudsburg, Monroe County, PA
18360-9415
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Michael A. Snover, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 3/23/04            *Michael A. Snover* _____            49786
                              Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/23/04            *Michael A. Snover* _____            49786
                              Attorney-at-Law                              Attorney I.D.#

CIV. 609 (9/99)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JULIE SOLT,
     Plaintiff,           :                      CIVIL ACTION

                            v.

MONROE COUNTY CORRECTIONAL FACILITY; COUNTY
OF MONROE; DANIEL VIERA, in his Indiv.   :
Official Capacities; DANIEL SLASHINSKI, in            NO. 04cv 1278
his Indiv. & Official Capacities; et al., Defendants.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)    Habeas Corpus -- Cases brought under 28 U.S.C.
        §2241 through §2255.                          ( )

(b)    Social Security -- Cases requesting review of a
        decision of the Secretary of Health and Human
        Services denying plaintiff Social Security Benefits.    ( )

(c)    Arbitration -- Cases required to be designated for
        arbitration under Local Civil Rule 53.2.           ( )

(d)    Asbestos -- Cases involving claims for personal
        injury or property damage from exposure to
        asbestos.                            ( )

(e)    Special Management -- Cases that do not fall into
        tracks (a) through (d) that are commonly referred
        to as complex and that need special or intense
        management by the court. (See reverse side of
        this form for a detailed explanation of special
        management cases.)                    ( )

(f)    Standard Management -- Cases that do not fall into
        any one of the other tracks.              (X)

MAR 24 1...

(Clv. 660) 7/95