# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE SOLT,

    Plaintiff,

    v.

MONROE COUNTY CORRECTIONAL
FACILITY, et al.,

    Defendants.

CIVIL ACTION NO. 3:04-CV-1215

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Defendant's Motion to Permit Discovery. (Doc. 37.) This dispute was discussed with me during a telephone conference at which time the parties were asked to submit briefs concerning the relevance the alleged prior acts of Plaintiff had to the claims or defenses in the case. (Doc. 36.)

Defendants assert that I should permit discovery of Plaintiff's sexual activity with co-workers from the Monroe County Correctional Facility (MCCF) because (1) it is relevant to the degree to which Plaintiff claims to have been offended by the allegedly harassing behaviors and the degree to which the behavior was unwelcomed, and (2) it is relevant to Plaintiff's allegations that Defendant Viera is responsible for making derogatory written statements because, say Defendants, the writer has not been identified.

Plaintiff asserts that the prior acts are barred by Rule 412 of the Federal Rules of Evidence in that they are irrelevant, and even if they are relevant, the prior acts do not have a probative value which outweighs harm and unfair prejudice to Plaintiff.[1]

---

[1] Federal Rule of Evidence 412 provides, in pertinent part:

---

**Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition**

(a) <u>Evidence generally inadmissible</u>. – The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.
(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) <u>Exceptions</u>. –

(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition to any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an allege victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

(c) <u>Procedure to determine admissibility</u>. –

(1) A party intending to offer evidence under subdivision (b) must –

(A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause requires a different time for filing or permits filing during trial; and

Despite Defendants' framing of the issues, they also seek to inquire into Plaintiff's activity outside the workplace of selling "sex toys." Defendants argue that it is relevant to the degree to which Plaintiff claims to have been offended by any sexually directed behavior. I will cover the proposed areas of inquiry, the asserted reasons therefor, and my analysis of each.

**1) Sexual activity with co-workers and its relevance to the offensiveness of harassing behavior**.

As noted, Defendants seek to inquire into Plaintiff's sexual activity with co-workers. Presumably, the purpose is to demonstrate a lesser degree of offensiveness of the alleged harassing behavior. I find this inquiry is not relevant for this purpose. Any sexual relationship, without more, which Plaintiff had with a co-worker outside of the workplace[2] is irrelevant to any defense. Even if Plaintiff had sexual relations with a co-worker, it does not stand to reason that Plaintiff approves of the behavior alleged in the Complaint. Defendants'

---

(B) serve the motion on all parties and notify the alleged victim, or when appropriate, the alleged victim's guardian or representative.

(2) Before admitting evidence under this rule the court must conduct a hearing in camera and before the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

[2] There is no assertion it was at the workplace. Even if it were, again, without more, it would not be relevant.

3

argument is akin to the type of evidence that spawned Rape Shield laws. A woman's private sexual encounters do not give rise to a willingness on her part to subject herself to sexually harassing behavior. Stated another way, it does not make the harassing behavior any less offensive. *See Fitzpatrick v. QVC*, No. 98-CV-3815, 1999 WL 1215577, at *3 (E.D. Pa. Dec. 7, 1999). Therefore, it is not "otherwise admissible" under Rule 412 of the Federal Rules of Evidence.

### 2) Sexual activity with co-workers and its relevance to the identity of the author of distasteful sexual remarks.

Defendants also seek discovery of Plaintiff's sexual activity with co-workers to learn the identity of the author of distasteful sexual remarks written in the men's locker room. (See Doc 1.2, ¶ 11.) The significance of these remarks is not who authored them, but rather that Plaintiff alleges she notified her supervisors of the existence of the remarks, and they failed to take appropriate action. She did not allege that Defendant Viera wrote these statements. She does allege that Defendant Viera did write a statement about the Plaintiff and posted it in the staff library. (See Doc. 1.2, ¶ 12.) Plaintiff alleges that Defendant Viera wrote it, so the identity of the author is not an issue regarding the statement in the library. I have some difficulty with Defendant's logic in seeking discovery for the reasons advanced.

### 3) Business of selling sex toys.

Defendants argue that Plaintiff's sale of sex toys away from the workplace is discoverable because it may demonstrate a lesser sensitivity or offense regarding any alleged sexual harassment. Again, I have difficulty seeing the relevance. Simply because someone sells sex toys outside of the work place does not mean that person welcomes the kind of behavior alleged in the Complaint. *See Fitzpatrick,* 1999 WL 1215577, at *3 (citing

*Burns v. McGregor Elec. Indus., Inc.*, 989 F.2d 959, 963 & n.4 (8th Cir.1993) ("The plaintiff's choice to pose for a nude magazine outside work hours is not material to the issue of whether plaintiff found her employer's work-related conduct offensive.")).  Nor does it tend to show that such behavior is less offensive to that person.  Again, it is irrelevant, and is not discoverable.

**4)** **Conclusion**.

For the reasons stated herein, the disputed discovery will not be permitted.

An appropriate Order follows.


May 10, 2005                              /s/ A. Richard Caputo
Date                                      A. Richard Caputo
                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIE SOLT, | |
| Plaintiff | CIVIL ACTION NO. 3:04-CV-1215 |
| v. | |
| MONROE COUNTY CORRECTIONAL FACILITY, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 10th day of May, 2005, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Defendants' Motion to Permit Discovery (Doc. 37) is **DENIED**.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge